Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Memorandum: The only question involved upon this appeal relates to the admission of parol evidence to vary the terms of a written grower’s contract for tomatoes. By the terms of that contract, plaintiff agreed to plant, care for, pick and deliver to the defendant ten acres of tomatoes. The defendant in turn agreed to furnish the necessary tomato plants at a certain specified price and to buy the tomatoes at a price per ton set forth in the contract. Upon the trial plaintiff was permitted over defendant’s objection to introduce evidence to the effect that as an inducement to enter into said grower’s contract, the defendant orally agreed to make available pickers to harvest the tomato crop agreed to be grown by plaintiff. The admission of such evidence under the facts herein cannot be justified as coming within the exception to the parol evidence rule expressed in Loomis v. New York Central & Hudson Riv. R. R. Co., (203 N. Y. 359). Its admission comes within the condemnation of Fogelson v. Rackfay Constr. Co. (300 N. Y. 334). Such error we believe calls for a reversal of the judgment and dismissal of the complaint. All concur. (The judgment appealed from is for plaintiff in an action for breach of contract.) Present — Taylor, P. J., McCurn, Love, Vaughan and Piper, JJ.